UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTIN MORALES, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSH ZIGLER, MICHAEL ROSS, and JEFF WELLS, <br><br> Defendants. | CAUSE NO.: 1:17-CV-506-WL-SLC |

OPINION AND ORDER

Martin Morales, Jr., a prisoner without a lawyer, filed a complaint naming three Grant County Police Officers. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Morales recounts numerous events about his arrest, incarceration, and prosecution. However, he only names one of the defendants in his descriptions of these events. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). Because this complaint does not explain what either Sgt. Josh Zigler or Officer Jeff Wells did, it does not state a claim against either of them.

This complaint contains only one allegation against Detective Michael Ross. It alleges he signed an unfiled, unsealed, unwitnessed, unnotarized arrest warrant on June 25, 2017, at 2:00 p.m. However, it does not explain why this is relevant. Morales alleges he was arrested the previous day without a warrant. It is unclear how an unfiled, unsealed, unwitnessed, unnotarized document is relevant to either Morales' State criminal case or this one. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not state a claim. Nevertheless, Morales may be able to state a claim if he files an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court GRANTS Martin Morales, Jr., until April 26, 2018, to file an amended complaint; and CAUTIONS him if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on March 13, 2018.

s/William C. Lee  
JUDGE WILLIAM C. Lee  
UNITED STATES DISTRICT COURT