UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MARTIN MORALES, JR.,

    Plaintiff,

v.

JOSH ZIGLER, MICHAEL ROSS, JEFF WELLS, JEFFREY D. TODD, and JAMIE LEE MOORE,

    Defendants.

CAUSE NO.: 1:17-CV-506-WL-SLC

## OPINION AND ORDER

Martin Morales, Jr., a prisoner without a lawyer, filed a vague amended complaint. Morales alleges three police officers illegally entered the property at 1003 West 200 South, Marion, Indiana. However, he also says they had a search warrant for that property. He says there is a mobile home on that property, but he does not explain why it is relevant. He does not say whether he owned or lived at that address. *See Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997) (temporary visitor had no legitimate expectation of privacy in apartment and thus lacked standing to raise a Fourth Amendment claim). He does not say what the police were searching for, nor what they found. Neither did he attach a copy of the search warrant. He states the warrant was issued without a probable cause affidavit, but he does not explain why that matters. *See* Federal Rules of Criminal Procedure 4.1(a) ("A magistrate judge may consider information communicated by telephone or other reliable electronic means when reviewing a complaint or deciding whether to issue a warrant or summons.") and

Indiana Code 35-33-5-8 (Authorizing issuance of a warrant upon sworn testimony and without an affidavit.)

He states he was arrested, but he does not say why. Neither does he explain why he believes the arrest was improper. He states he was questioned without being read his Miranda Rights. However he does not say that he made incriminating statements that were used in court against him. *See Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) and *Hanson v. Dane County*, 608 F.3d 335, 339 (7th Cir. 2010). He states he was not arraigned for 17 days, but he does not say he was then released following his arraignment. *See Bridewell v. Eberle*, 730 F.3d 672, 676–77 (7th Cir. 2013). He makes allegations against his State court trial judge, but he has not identified any actions outside the jurisdiction of the judge. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) He makes allegations against the State prosecuting attorney, but he has not identified any actions beyond initiating the prosecution and presenting the State' case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not state a claim. Though he has already filed an amended complaint and it does not appear he can state a claim against any of these defendants based on his arrest and prosecution, Morales will be permitted to file another amended complaint if he believes he can do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court GRANTS Martin Morales, Jr., until **August 15, 2018**, to file an amended complaint; and CAUTIONS if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on July 10, 2018.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT